IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**HARRIS E. GILLEY,**

    **Plaintiff,**

vs.                                                     Case No. 4:06cv505-RH/WCS

**SHANTA BUTLER,**
**MATTHEW BYRGE,**
**RAYMOND GLOVER**
**and CHRISTOPHER GUERRERO,**

    **Defendants.**

                                     /

## SECOND REPORT AND RECOMMENDATION

Plaintiff, who is no longer an inmate, *see* doc. 20, was previously granted leave to proceed *in forma pauperis* in this case when it was initiated in late 2006. *See* docs. 1, 2, 8. The case was dismissed on April 26, 2007, and judgment was entered. Docs. 17, 18.

On June 11, 2007, Plaintiff filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 21. The filing of this amended complaint has prompted this report and recommendation.

Plaintiff's original complaint alleged that at 3:21 a.m. on June 9, 2006, Tallahassee police officers Glover and Butler, the named Defendants in this case, arrested him. Doc. 1. Plaintiff claimed Defendants Glover and Butler used a taser gun on him unnecessarily. Defendant Guerrero assisted in holding and subduing Plaintiff and Defendant Byrge allowed his fellow officers to abuse their "power and authority while using excessive force to detain." *Id.*

After noting that Plaintiff's claims stemmed from an arrest, and that Plaintiff's address on the complaint form was at the Leon County Jail, I directed Plaintiff to clarify whether or not he was still facing criminal charges. Doc. 7. Plaintiff's unsigned response indicated he was charged with five offenses following his June 9, 2006, arrest. Doc. 9. Two charges were for aggravated assault with a deadly weapon without intent to kill, two charges for battery on an officer, and a charge for resisting an officer with violence. *Id.* Plaintiff stated that he had been sentenced, but it was unclear on what charges he was sentenced, whether some charges were dropped, whether Plaintiff entered a plea agreement, or whether he went to trial. Doc. 9. In addition to needing Plaintiff's signature on his response, Plaintiff was ordered to file an amended response clarifying those issues. Docs. 10, 12.

Plaintiff's supplemental response advised he was currently incarcerated due to being convicted on charges which stemmed from this complaint. Doc. 15. Plaintiff argued, however, that his complaint was "for excessive use of force with the taser above and beyond what was needed in the situation . . . ." *Id.* Attached to that response was an "Order of Probation" issued from the Second Judicial Circuit Court, in and for Leon County, Florida. Doc. 15, ex. 1. The document demonstrated Plaintiff

"entered a plea of nolo contendere" in case number 2006 CF 2273 to two counts of aggravated assault with a deadly weapon, one count for battery on a law enforcement officer, and one count of resisting an officer with violence. *Id.* Plaintiff was convicted and sentenced to 24 months of probation and 187 days of incarceration. *Id.*

I entered a report and recommendation on March 12, 2007, finding that based on Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), this case should be dismissed. Doc. 16. The report and recommendation concluded that this civil rights action, if successful, would necessarily call into question the validity of Plaintiff's conviction which, admittedly, had not been reversed, expunged, or otherwise declared invalid. Thus, because Plaintiff could not meet Heck's "favorable termination" requirement, it was recommended that the complaint be dismissed. *Id.* No objection was filed to the report and recommendation and Chief Judge Hinkle accepted and adopted the report and recommendation, noting that "[u]nder Florida law, the use of excessive force by an arresting law enforcement officer is a defense to a charge of resisting arrest." Doc. 17, pp. 1-2. The complaint was dismissed on April 26, 2007. Docs. 17, 18.

The Clerk of Court mailed Plaintiff a copy of the order and clerk's judgment, but the mail was returned as undeliverable on May 3, 2007. Doc. 19. When Plaintiff filed a notice of change of address a few days dater, doc. 20, the documents should have been remailed to Plaintiff. It cannot be confirmed that the documents were remailed.

On June 11, 2007, Plaintiff submitted an amended complaint, doc. 21, a motion for leave to proceed *in forma pauperis*, doc. 22, and a financial affidavit, doc. 23. The case number listed on those documents is for this case, 4:06cv505, and Plaintiff

presents the same claims previously submitted in his original complaint. Thus, it has been filed as an amended complaint in this action. Doc. 21. Given this sequence of events, it is presumed for present purposes that Plaintiff never received the prior report and recommendation, doc. 16, order of dismissal, doc. 17, and judgment, doc. 18.

Since the dismissal was entered in May, the Eleventh Circuit Court of Appeals decided Dyer v. Lee, --- F.3d ----, 2007 WL 1597855 (11th Cir., June 5, 2007). That case held that "for *Heck* to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory." *Id.*, at * 6. The court also said that a § 1983 claim may proceed "when it is possible that the facts could allow a successful § 1983 suit and the underlying conviction both to stand without contradicting each other." *Id.*, at *4. In the case at bar, it is possible that the alleged excessive use of a taser is an event separate from the actions of Plaintiff that resulted in the charges of resisting arrest and battery upon an officer.

Pursuant to Rule 60, "upon such terms as are just, the court may relieve a party . . . from a final judgment . . . ." FED. R. CIV. P. 60(b). The catch-all provision under Rule 60(b), paragraph 6 allows the court to relieve a party for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This statute gives broad discretion to the Court to reopen judgments when justice requires it. Gonzalez v. Secretary for Dept. of Corrections, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Notably, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6), the only" basis for relief here. Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 2018 (1997). "However, Rule 60(b)(6) relief may be appropriate in exceptional cases." Moses v.

United States, 2005 WL 292976, at *4 (S.D. N.Y., 2005).  The Second Circuit noted in Sargent v. Columbia Forest Prob., Inc., 75 F.3d 86, 90 (2d Cir.1996), that a "supervening change in governing law that calls into serious question the correctness of the court's judgment" may, in some circumstances, constitute an extraordinary circumstance which would justify such relief.  *See also* McGeshick v. Choucair, 72 F.3d 62, 63 (7th Cir. 1995), *cert. denied* 517 U.S. 1212 (1996) (concluding that "a legitimate concern for finality requires that we not disturb that judgment.").  Thus, the usual consideration is for finality in judicial proceedings and for those bound by litigation to be able to consider the matter "forever settled."  Baldwin v. Iowa State Traveling Men's Assoc., 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931), *quoted in* Sargent, 75 F.3d at 89.

     That highly important consideration is not present in this case, however, for several reasons.  The complaint was dismissed *sua sponte* pursuant to the court's duty to screen cases before service.  Defendants have less of a stake in the finality of the judgment, under these circumstances.  Additionally, Plaintiff apparently never received the prior dismissal.

     The Dyer case has significantly altered the premise for the prior decision in this case, that Plaintiff's claim could not go forward under § 1983 due to the Heck bar.  Although that decision was correct in April, 2007, it is not correct now, a mere two months later.  The rule of Dyer should be applied here, and since this decision does not effect finality between parties, the door should be opened for Plaintiff to again proceed.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 21, be **ACCEPTED** and simultaneously **CONSTRUED** as a Rule 60(b)(5) motion for relief from judgment, that the judgment entered on April 26, 2007 be **VACATED**, and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2007.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**